```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Civil No. 10-4399(DSD/JJK)
```

Cory Grambart,

        Plaintiff,

v.                                                     **ORDER**

Global Payments Check
Recovery Services, Inc.,

        Defendant.

This matter is before the court upon the motion to dismiss by defendant Global Payments Check Recovery Services, Inc. (Global Payments).[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This consumer-debt action arises out of two letters sent to plaintiff Cory Grambart by Global Payments on June 21, 2010. The letters state:

>    Re:  Account 56129515
>         Amount Due: $154.00
>
>    Dear CORY A GRAMBART
>
>    I am writing with respect to your request for a statement of your account. According to our records, your account currently has a balance of $154.00.

---

[1] Plaintiff incorrectly listed defendant's name as "Global Payments" in his complaint. See ECF No. 1-1.

Please forward your payment to:

>    Global Payments, Inc.
>    Attn: Recovery
>    PO Box 66158
>    Chicago, IL 60666-1158

Once payment in full is received and processed, we will notify the three major credit bureaus that your account with Global Payments Check Recovery Services, formerly CheckRite Recovery Services, has been paid.

Sincerely,

Recovery Coordinator

and

>    Re:  Account 56129503
>         Amount Due: $114.00

Dear CORY A GRAMBART

I am writing with respect to your request for a statement of your account. According to our records, your account currently has a balance of $114.00.

Please forward your payment to:

>    Global Payments, Inc.
>    Attn: Recovery
>    PO Box 66158
>    Chicago, IL 60666-1158

Once payment in full is received and processed, we will notify the three major credit bureaus that your account with Global Payments Check Recovery Services, formerly CheckRite Recovery Services, has been paid.

Sincerely,

Recovery Coordinator

Compl. Exs. A, B.

On September 25, 2010, Grambart began this action in state court, claiming violation of the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. §§ 1692-1692p. Global Payments timely removed and moved to dismiss. On January 14, 2011, the court heard argument on the motion to dismiss. Global Payments appeared through counsel. Grambart did not appear, and did not file a response to the motion to dismiss.[2] The court now addresses the motion.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of

---

[2] Grambart's counsel withdrew from the case in December 2010. See ECF Nos. 8, 9, 12, 13.

3

action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the pleadings embrace the initial collection letters sent to Grambart. See Albert Aff. Exs. 1, 2.

Grambart first claims that Global Payments violated § 1692g by failing to inform him of his rights under the FDCPA in the June 21 letters. Section 1692g requires a debt collector to inform a consumer of certain rights "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." See 15 U.S.C. § 1692g. The June 21 letters, however, are not initial communications in connection with collection of Grambart's debts. The initial communications regarding the $114 and $154 debts occurred on December 30, 2003, and January 4, 2004, respectively. See Albert Aff. Exs. 1, 2. The actual initial communications meet the requirements of the FDCPA. See id. Therefore, Grambart cannot state a claim under § 1692g, and dismissal is warranted.

Grambart next claims that Global Payments violated § 1692e(11) by failing to disclose that the June 21 letters were from a debt collector. Section 1692e(11) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ... the failure to disclose in subsequent communications that the communication is from a debt collector ....

15 U.S.C. § 1692e(11). The June 21 letters are not for "the collection of any debt." Instead, the face of the letters state that they are in response "to your request for a statement of your account." Compl. Exs. A, B. Such communication, initiated by the debtor, is not covered by the FDCPA. Accord Bailey v. Sec. Nat. Servicing Corp., 154 F.3d 384, 388–89 (7th Cir. 1998). Therefore, Grambart cannot state a claim under § 1692(e)(11), and dismissal is warranted.

Grambart also claims that Global Payments violated § 1692e(10) by implying that the debts in the June 21 letters had been verified by the original creditor. The court views the letters through the eyes of an unsophisticated consumer. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). The test is designed to protect consumers of below-average sophistication or intelligence, and also "contains an objective element of reasonableness, that prevents liability for bizarre or idiosyncratic interpretations of collection notices." Id. In this

5

case, the court has already determined that § 1692e does not apply to the June 21 letters.  Moreover, nothing in the letters confirms or implies that Global Payments had verified the debts.  Further, the letters refer to Grambart's account with Global Payments, not his debt to the original creditor.  Therefore, Grambart cannot state a claim under § 1692e(10), and dismissal is warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 3] is granted; and
2. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 14, 2011

s/David S. Doty  
David S. Doty, Judge  
United States District Court